# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LA TIDTUS JONES**                                                                                       **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION No. 5:13cv82-MTP**

**RON KING, et al.**                                                                                     **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court following the Court's findings at the omnibus hearing in this case. Having considered Plaintiff's claims, the argument of Plaintiff and counsel for Defendants and the applicable law, the Court finds that (1) Plaintiff's allegations against Defendant Ron King should be dismissed; (2) Plaintiff's numerous allegations of retaliation should be dismissed; (3) Plaintiff's allegations concerning the loss of his property should be dismissed; (4) Plaintiff's allegations concerning Defendant's ordering him outside without winter clothes should be dismissed; (5) Plaintiff's failure to report allegations against Defendant Carter should be dismissed; (6) Defendant Management Training Corporation should be dismissed; and (7) Plaintiff's *ore tenus* motion to dismiss Frances Alexander, Laverne Taylor, Crystal Bitz, Ella Scott, O. Boyd, Jessica Jackson, Dernell Anderson, B. Jones, Unknown Matthews and Danesha Savage should be granted.

## BACKGROUND

On June 6, 2013, Plaintiff La Tidtus Jones, proceedings *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Jones's claims arose while he was an inmate at SMCI and Wilkinson County Correctional Facility ("WCCF"). In this

action, Jones has named thirty defendants.[1] Jones's claims relate to Defendant's alleged use of excessive force, deliberate indifference to his medical needs, failure to protect him from prison officials and other inmates, confiscation of his property, and denial of access to the courts.

The parties appeared and participated in an omnibus hearing before the Court on September 30, 2014. Plaintiff La Tidtus Jones appeared *pro se*. Tommy Goodwin appeared on behalf of Defendants Ron King, Hubert Davis, Brenda Sims, Chiquita Brown, Laura Tilley, Latasha Clay, Gia McLoed, Officer A. Keys, Unknown Arrington, and Malcom T. McClendon. Bob Pederson appeared on behalf of Defendants Ruth Saucier, P. Wiley-Davis, L. Taylor, Crystal Bitz, and Jessica Jackson. Katie Snell appeared on behalf of Defendants Rosemary Gatlin, Raymond Byrd, Raymond Briggs, Lakichia Wilson, Monica Carter, Ella Scott, Frances Alexander, and Dernell Anderson.

## ANALYSIS

**Defendant Ron King**

According to Jones, Defendant Ron King failed to adequate supervise his staff who allegedly stole and destroyed Jones's property, and that King was deliberately indifferent to Jones's medical needs. Specifically, Jones alleges that he told King about his medical problems and that King did nothing to help him.

There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-4 (5th Cir. 1987). Instead, the plaintiff must show that (1) the supervisor either failed to supervise the subordinate officials; (2) a causal link exists between the failure to train and the violation of the plaintiff's rights; and (3) the failure to supervise amounts to deliberate indifference. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (*quoting Smith*

---

[1]*See* Complaint [1], Judicial Notice [9] and Affidavit [17].

*v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). In order to establish deliberate indifference in a Section 1983 action for failure to supervise, a plaintiff must demonstrate a pattern of violations and that the inadequacy of supervision is obvious and likely to result in a constitutional violation. *Id*. Supervisory liability can also exist if the supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional rights. *Thompkins*, 828 F.2d at 304.

Jones has not alleged that Ron King was personally involved in the alleged incident that resulted in his stolen property, that there is any causal link between King's failure to train and any violation of Jones's rights, or that this failure amounted to deliberate indifference. He has also failed to allege that Ron King has implemented any policy that resulted in a deprivation of Jones's rights.

**Retaliation Claims**

Jones's alleges acts of retaliation against Defendants Sims, Brown, Keys and Shaw. Jones states that the Defendants destroyed his belongings, denied his Administrative Remedy Procedure ("ARP") grievances, and became angry at him due the fact that Jones was pursuing claims against them in other lawsuits or other ARPs. These vague allegations of retaliation fail to state a claim. The law is clear that retaliation claims require a level of specificity that Jones has failed to demonstrate. *See Garcia v. Gonzales*, 478 Fed. App'x 928, 929 (5th Cir. 2012) (holding that state prisoner failed to state a retaliation claims when he produced no evidence of retaliatory motivation, failed to show timeline of events from which retaliation might realistically be inferred, and his claim was based only on conclusory allegation) (per curium); *Bibbs v. Early*, 541 F.3d 267 (5th Cir. 2008) ("To state a claim for retaliation under § `983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory act, and (4) causation.").

**Loss of Property**

Jones alleges that Defendants Sims, Brown, Davis, Keys, McClinton, Arrington, and Shaw either took or destroyed approximately $100 worth of commissary and personal items. It is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Jackson*, 392 Fed. App'x at 318. Mississippi provides post-deprivation remedies for negligent conversions of property. *See, e.g.*, Miss. Code Ann. § 11-38-1 et seq. (claim and delivery); Miss. Code Ann. § 11-37-101 et seq. (replevin). It is plaintiff's burden to establish that these post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95 (citations omitted). Plaintiff has failed to allege, must less provide any evidence, that these remedies are not adequate. Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil [*in forma paueris*] litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Thus, assuming that the items in question were wrongfully confiscated by Defendants, Jones's remedy lies not in a Section 1983 action, but in a tort claim under state law.

The *Paratt/Hudson* doctrine is an exception to this rule, which provides that searches that conducted under prison policy as opposed to "random and unauthorized," violate the prisoners procedural due process right. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Here, Jones alleges that the search that resulted in the loss of property was random and unauthorized. Thus, he has failed to state a claim regarding the loss of his property.

**Deliberate Indifference**

Jones alleges that he was ordered outside in the rain on January 3, 2014 without any winter clothes so that SMCI officers could search his unit. Jones alleges that he was outside for approximately three hours. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v.*

4

*Chapman*, 452 U.S. 337, 349 (1981). However, the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement[,] . . . [ensuring] that inmates receive adequate food, clothing, shelter, and medical care . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Liability under the Eighth Amendment requires "more than ordinary lack of due care for the prisoner's interests or safety." *Id*. at 835.

In a conditions-of-confinement case, an inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. *Id*. at 834. First, the prison official's alleged act or omission must result in the denial of the minimal civilized measure of life's necessities. *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999). Second, the prison official must exhibit the requisite state of mental culpability, which is deliberate indifference to inmate health or safety. *Id*. To establish deliberate indifference, an inmate must show that prison officials "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Id*. Jones alleges only that he was made to stand outside in the rain for a period of time. He has not alleged that this posed an "excessive risk" to his health or safety. Therefore, the Court finds that Jones has failed to allege any action amounting to deliberate indifference, and has thus failed to state a claim.

**Failure to Report**

Jones alleges that he was assaulted by two WCCF officers on May 14, 2013. Jones alleges that Defendant Carter witness this incident, but failed to report it. Jones has not alleged that Carter had any affirmative duty to report the incident or that he has any constitutional right that was violated by her failure to report. Thus, Jones's allegation against Defendant Carter fails to state a

5

claim.

**Defendant Management Training Corporation**

Jones moved to Amend his complaint to Add Management Training Corporation ("MTC") as a defendant. *See* Affidavit [17]. MTC is a privately-held corporation that operates WCCF. Jones is suing MTC on the basis of its supervisory role, as it employs all WCCF Defendants in this action.

In order to state a claim for failure to supervise, the plaintiff must allege that (1) the supervisor either failed to supervise the subordinate officials; (2) a causal link exists between the failure to train and the violation of the plaintiff's rights; and (3) the failure to supervise amounts to deliberate indifference. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (*quoting Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). In order to establish deliberate indifference in a Section 1983 action for failure to supervise, a plaintiff must demonstrate a pattern of violations and that the inadequacy of supervision is obvious and likely to result in a constitutional violation. *Id*. Supervisory liability can also exist if the supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional rights. *Thompkins*, 828 F.2d at 304.

Jones has failed to allege any causal link between MTC's failure to train and any violation of Jones's rights or that this failure amounted to deliberate indifference. He has also failed to allege that MTC has implemented any policy that resulted in a deprivation of Jones's rights. For these reasons, Jones's claim against MTC should be dismissed.

**Voluntary Dismissal**

At the *Spears* hearing. Plaintiff stated that he no longer wishes to pursue his claims against the following Defendants: Frances Alexander, Laverne Taylor, Crystal Bitz, Ella Scott, O. Boyd, Jessica Jackson, Dernell Anderson, B. Jones, Unknown Matthews, and Danesha

Savage. Plaintiff testified that the request for dismissal was being made voluntarily and free from duress or coercion. No defendant opposed the Plaintiff's request. Therefore, the Court concludes that Defendants listed above be dismissed

    IT IS, THEREFORE, ORDERED:

    1. Plaintiff's claims against Defendant Ron King be dismissed with prejudice

    2. Plaintiff's retaliation claims against Defendants Sims, Brown, Keys and Shaw be dismissed with prejudice.

    3. Plaintiff's claims regarding the loss of his property against Defendants Sims, Brown, Davis, Keys, McClinton, Arrington, and Shaw be dismissed with prejudice.

    4. Plaintiff's deliberate indifference claims against Defendants Sims, Brown, Davis, Keys, McClinton, Arrington, and Shaw be dismissed with prejudice.

    5. Plaintiff's failure to report claim against Defendant Carter be dismissed with prejudice.

    6. Plaintiff's failure to supervise claim against Defendant MTC be dismissed with prejudice.

    7. Plaintiff's *ore tenus* motion to dismiss be GRANTED and Defendants Frances Alexander, Laverne Taylor, Crystal Bitz, Ella Scott, O. Boyd, Jessica Jackson, Dernell Anderson, B. Jones, Unknown Matthews, and Danesha Savage be dismissed without prejudice.

    SO ORDERED, this the 2nd day of October, 2014.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge