**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**LA TIDTUS JONES**                                                          **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 5:13cv82-MTP**

**RON KING, et al.**                                                    **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Emergency Motion for Injunctive Relief [66] . Having considered the Motion and the applicable law, the Court finds that the Motion should be DENIED.

The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his civil complaint pursuant to 42 U.S.C. § 1983.[1] In his complaint and as amended and clarified as the *Spears*[2] hearing in this case, Plaintiff makes multiple allegations against more than a dozen Defendants based on alleged events that occurred at South Mississippi Correctional Institution ("SMCI") and Wilkinson County Correctional Facility ("WCCF").[3] His claims include denial of access to the courts, use of excessive force, deliberate indifference to his medical needs, and failure to protect from harm.[4]

At the time of filing the instant motion, Plaintiff was incarcerated at Walnut Grove Correctional Facility ("WGCF"). In his Motion [66], Plaintiff states that a WGCF employee named

---

[1]*See* Complaint [1].

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also See Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made at a *Spears* hearing supercede claims alleged in the complaint).

[3]*See* Omnibus Order [59] at 2.

[4]*Id.* at 2-4.

Captain or Mr. Jones used unnecessary force upon him and took all of his legal property in retaliation for filing this civil action. Plaintiff claims that the legal documents were necessary for filing his responses in several civil actions. Plaintiff also makes claims that several WGCF employees separated him from his legal property, refused to provide him with paper, and threatened him. Plaintiff generally requests injunctive relief from the individuals named in the Motion.

A party requesting a temporary restraining order must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

In this instant case, Plaintiff has failed to demonstrate that there is a substantial threat that he will incur irreparable injury should the Court deny an injunction. First, Plaintiff's claims that he is being denied access to the courts is rebutted by the fact that he has been successful in filing a litany of pleadings in the instant suit and others.[5] Furthermore, Plaintiff also fails to explain specifically how he was harmed or will be harmed in the future as a result of the alleged confiscation of his legal materials. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice

---

[5]In the few weeks since the instant motion was filed, Plaintiff has successfully filed multiple pleadings. *See* Response [67], Response [70], Motion for Extension of Time [79], Response [84], and Motion for Partial Summary Judgment [85]. Plaintiff has also been active in filing documents in his other pending lawsuits. *See* Civil Action Nos. 1:13cv511 & 1:14cv258.

with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'").

Plaintiff's conclusory allegations of retaliation do not demonstrate irreparable harm. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[The plaintiff] must allege more than his personal belief that he is the victim of retaliation."). As stated above, Plaintiff's has been undeterred in his ability to communicate with the court.

More importantly, the record reflects that Plaintiff is no longer incarcerated at WGCF, and thus any favorable ruling from this Court would have no effect. *See* Docket Entry [84-1] (reflecting that Plaintiff is currently housed at the East Mississippi Correctional Facility); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding as moot prisoner's claims for injunctive relief where prisoner alleged harm from second-hand tobacco smoke at a detention facility, but was later moved to a different correctional facility).

The undersigned also notes that Plaintiff's claims in the instant motion do not appear to be directed at any of the defendants in this action who are employed at SMCI or WCCF, but rather the staff at WGCF. At first blush, it appeared that the Captain/Mr. Jones the Plaintiff refers to in his Motion was former Defendant B. Jones.[6] However, according to B. Jones's Response [83] to the Motion, she avers she is not the Captain Jones referenced in the Motion. As is made clear in her response, B. Jones is a female, while the Captain Jones referenced in the Motion is a male. Furthermore, B. Jones asserts that at all relevant times she has been an employee of WCCF as opposed to WGCF. *See* Response [83] at 1; *see also Alba v. Randle*, Civil Action No. 5:10-cv-49, 2011 WL 113866 at *1 (S.D. Miss. Mar. 28, 2011) (citing as support for denial of injunctive relief

---

[6]Jones was dismissed as a Defendant pursuant to Order [60].

the fact that the claims in the motion for injunctive relief were not directed to any defendants in the underlying action).

Finally, Plaintiff fails to request any particular form of relief in his Motion [66]. He simply states that he is "seeking the court to grant me injunct[ive] relief from the named defendant."[7]

Accordingly, for the reasons set forth above, the Court finds Plaintiff's Emergency Motion for Injunctive Relief  [66] is DENIED.

SO ORDERED this the 18th of February, 2015.

s/ Michael T. Parker
United States Magistrate Judge

[7]*See* Motion [66] at 1.

4